UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-04983-SVW-FFM | Date | July 24, 2012 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Amanda Febo et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT

## I.   INTRODUCTION

On April 18, 2012, Plaintiff U.S. Bank National Association filed the instant unlawful detainer action against Defendant Amanda Febo in Los Angeles County Superior Court, West Covina Courthouse. Defendants removed the case on June 7, 2012. The Court REMANDS the instant action to the Los Angeles Superior Court, Torrance Courthouse for the reasons set forth below.

## II.   ANALYSIS

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-04983-SVW-FFM | Date | July 24, 2012 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Amanda Febo et al | | |

JS - 6

claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, Defendant has failed to establish subject matter jurisdiction. Plaintiff's Complaint states a single claim for unlawful detainer under California law. An unlawful detainer action does not arise under federal law; instead, it is governed solely by California law. See Wescom Credit Union v. Dudley, No. CV 10-8203 GAC (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Accordingly, there is no federal question in this case.

While Defendants claim that diversity jurisdiction exists in this case, it is clear from the face of Plaintiffs' Complaint that amount in controversy requirement under 28 U.S.C. § 1332 is not satisfied. While Section 1332 states that the amount in controversy must exceed $75,000, Plaintiffs' Complaint expressly limits its demand to "under $10,000." Accordingly, there is no diversity jurisdiction in this case. Because the Court lacks subject matter jurisdiction over this case, the Court must remand the case to Los Angeles Superior Court *sua sponte*.

**III.    CONCLUSION**

The Court hereby REMANDS the case for the reasons set forth above.

IT IS SO ORDERED.

:

Initials of Preparer       PMC